UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Larry D. Ensign,

    Plaintiff,

v.          10-3056

Dr. Vipin Shah et al.,

    Defendants.

## Order

    Before the Court is Plaintiff's motion for appointment of counsel (d/e 16). In considering Plaintiff's motion for appointment of counsel, the Court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993).

    Plaintiff has made reasonable efforts to find his own attorney. (d/e 16). Thus, the Court next considers whether Plaintiff appears competent to litigate without counsel, in light of the difficulty of the case:

> The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.'"

*Pruitt*, 503 F.3d at 655 (quoted and other cites omitted). A plaintiff's "literacy, communication skills, educational level, and litigation experience" are relevant factors in assessing competency, though there are no "fixed requirements." Id. 503 F.3d at 655. "Intellectual capacity and psychological history, to the extent that they are known, are also relevant. The plaintiff's performance up to that point in the litigation may be some evidence of these factors, but, in the end, the estimation as to whether a plaintiff can handle his own case must be 'a practical one, made in light of whatever relevant evidence is available on the question.'" *Santiago v. Walls*, 599 F.3d 749, 762 (7th Cir. 2010), *quoting Pruitt*, 503 F.3d at 656.

    Upon review of the plaintiff's submissions in the record and his litigation experience, the Court concludes that the plaintiff is competent to litigate his own case at this point, in light of the

relative simplicity of the case.  The plaintiff does not say what his education level is and this is his first federal case (according to PACER), but his Complaint is literate and effectively explains the facts underlying his claim for deliberate indifference to his serious medical need.  At this early stage, the court cannot say that expert testimony is necessarily required to establish deliberate indifference, because the plaintiff can personally testify to his pain, symptoms, attempts to get help, and to the defendants' responses.  *See Ledford v. Sullivan*, 105 F.3d 354 (7th Cir. 1997).  He should also be able to obtain his medical records during discovery.  Even if it turns out that an expert would be required to establish deliberate indifference, that is only one factor to consider and does not mandate that the court seek counsel.  The focus is on the plaintiff's competency to pursue his claims—"the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."  *Pruitt*, 503 F.3d at 655.  At this juncture, the plaintiff appears competent to pursue this claim on his own.

   IT IS THEREFORE ORDERED that Plaintiff's motion for appointment of counsel is denied (d/e 16).

   Entered this 18th Day of August, 2010.

                                             s/Harold A. Baker

                                    HAROLD A. BAKER
                                    UNITED STATES DISTRICT JUDGE